UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| SINGLETON CORPORATION, | : | CASE NO. 1:23-cv-01832 |
| Plaintiff, | : | ORDER |
| v. | : |  |
| PARTNERSHIP, LLC, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this interstate shipping dispute, Plaintiff Singleton Corporation contracted Defendant Partnership, LLC to ship goods from Ohio to Texas.[1] Singleton alleges that Partnership damaged those goods in transit.[2]

Plaintiff Singleton originally filed suit in state court. Defendant Partnership removed this case to federal court, arguing that this Court has subject matter jurisdiction under 28 U.S.C. § 1337(a).[3]

Although no party has asked the Court remand this case to state court, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[4]

Neither party suggests that the Court has diversity jurisdiction. Nor could they because both parties are Ohio companies.[5]

---

[1] Doc. 1-1 at ¶ 5.
[2] *Id.* at ¶¶ 7–8.
[3] Doc. 1 at ¶ 4.
[4] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).
[5] Doc. 1-1 at ¶¶ 1, 3.

Case No. 1:23-cv-01832
GWIN, J.

Instead, Defendant Partnership relies on 28 U.S.C. § 1337(a), a type of federal question jurisdiction. However, the complaint makes only state claims: breach of contract and negligence.[6] Although Partnership raises federal preemption defenses under the Federal Aviation Authorization Administration Act of 1994 (FAAAA) and under the Carmack Amendment,[7] a federal preemption defense to a state claim normally does not create federal question jurisdiction.[8]

An exception to this general rule occurs when there is "complete preemption."[9] It is not clear whether the FAAAA or Carmack Amendment completely preempt Plaintiff Singleton's state claims in this case.

Therefore, the Court **ORDERS** the parties to provide the following briefing:

- By **December 11, 2023**, each party shall file an opening brief addressing whether this Court has subject matter jurisdiction, including whether the FAAAA or Carmack Amendment completely preempt Singleton's state claims.

- By **December 22, 2023**, each party shall file a responsive brief addressing the same issues.

IT IS SO ORDERED.

Dated: November 30, 2023        *s/ James S. Gwin*
       JAMES S. GWIN
       UNITED STATES DISTRICT JUDGE

---

[6] *See* Doc. 1-1.
[7] Doc. 5-3.
[8] *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).
[9] *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).